# United States District Court, Northern District of Illinois

JSG

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3196 | **DATE** | 10/12/2004 |
| **CASE TITLE** | Duncan vs. Dir CCDOC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss the complaint is granted. Status hearing set for 12/3/04 is stricken. Any other pending dates are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 1 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | | JXM | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TH courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICK DUNCAN, #2004-001125, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 04 C 3196 |
| CALLIE BAIRD, ET AL.[1], | ) ) ) |
| Defendants. | ) |

DOCKETED
OCT 1 4 2004

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Daryl Duncan, currently a pre-trial detainee at the Cook County Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C.§ 1983, claiming that Defendants, employees of the Cook County Department of Corrections, violated his constitutional rights by retaliating against him after he filed various grievances. Plaintiff claims that Defendants verbally harassed him, filed disciplinary reports against him, and placed him in solitary confinement. He further claims that corrections officers refused to deliver his mail and confiscated several of his stamped envelopes. In addition, Plaintiff alleges that corrections officers ignored his doctor's orders regarding his physical limitations.

Defendants have moved to dismiss the complaint. Plaintiff failed to file a response to Defendants' motion and therefore, as the Court previously indicated, it will rule without the benefit of Plaintiff's views. Additionally, because Plaintiff failed to supply necessary additional

---

[1] Plaintiff's complaint names the Director of Cook County Department of Corrections as a defendant. Because Callie Baird is the current director of the department, this court substitutes Baird in place of Director.

information to effectuate service on Defendants Tubemvoll and Lopez, the Court dismisses these unserved Defendants from the case. For the reasons stated in this order, Defendants' motion to dismiss the complaint is granted.

## STANDARD OF REVIEW

In considering Rule 12(b)(6) motions to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than it would apply where an attorney prepared the complaint. *Haines v. Kerner,* 404 U.S. 519 (1972); *Whitford v. Boglino,* 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County,* 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units,* 507 U.S. 163 (1993); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir. 1992).

## BACKGROUND

Reading Plaintiff's complaint and accompanying pleadings in the light most favorable to him, the Court takes the following facts as true, for the purpose of this motion to dismiss:

Plaintiff states that Officer Lopez threatened to put a "hit" out on him and have other detainees beat him up, even offering to pay the detainees to do so. Officer Perez threatened to

offer money or drugs to other detainees to kill Plaintiff, and Sergeant Ferris[2] and Captain Milka (not a named defendant) told Plaintiff that his complaints would never reach Director Baird. He claims that these threats have caused him "psychological oppression." Plaintiff fails, however, to link each of these threats to any specific grievances he filed. Instead, it appears that Plaintiff alleges these threats outside of the context of his retaliation claim. In fact, he mentions that Defendants tried to get another person – a social worker – to write a "phoney" grievance against Plaintiff, but this effort failed. Plaintiff claims no further injury from these threats.

Plaintiff also alleges that Officer Tubemvoll and Sergeant Officer Hernandez ignored his complaints that corrections officers were not accepting mail that he wished to send. In addition, he maintains that corrections officers ignored orders from his doctor that Plaintiff should not go up and down stairs or lift heavy objects. Finally, he contends that ten stamped envelopes were taken from his cell.

In a subsequent *ex parte* letter sent to the Court, Plaintiff again alleges that various Defendants have offered money to other detainees to hurt him. He claims that he has been threatened for writing grievances and letters to a number of different parties, including a *Chicago Sun Times* reporter, Governor Rod Blagojevich, the Justice Department, and the Attorney Registration and Disciplinary Commission. In the letter he states that he has been placed in segregation and kicked out of a drug program because he asked an attorney to speak with department staff. He fails to state which Defendant was responsible for this, or even whether any Defendant was involved. He also states that he has not been given stamps or

---

[2] Sergeant Ferris' name appears as both Ferris and Farris on various filings with this court. For purposes of consistency and clarity, and because this is how defendants refer to him, this court will use Ferris.

envelopes for legal mail, he has been turned away from the law library, and he has been denied telephone calls.

Defendants have moved to dismiss the complaint for failure to state a claim. Defendants first argue that Plaintiff's allegations of verbal abuse do not state a claim because claims of emotional or mental distress are not cognizable without a showing of some physical injury. Defendants further argue that Plaintiff has an adequate state law remedy regarding confiscation of his personal property, because he may file claims with the Illinois Court of Claims to obtain relief. Defendants also maintain that they are entitled to qualified immunity because Plaintiff has failed to state a violation of his constitutional rights.

Defendants further argue that Plaintiff has failed to state valid claims against Defendants Baird, Ferris and Hernandez in either their individual or official capacities. Defendants additionally contend that Plaintiff's claims are time-barred because he does not state the dates on which any of the events at issue occurred, and that he has failed to exhaust all administrative remedies, by not including the relevant dates to support his compliance with the established jail grievance procedure. Finally, Defendants assert that Plaintiff has failed to properly serve several named Defendants, due to insufficient information provided by Plaintiff, and, therefore, the Court should dismiss them from the complaint.[3]

---

[3] By the Court's order of August 30, 2004, Plaintiff was given until September 27, 2004, to answer the motion to dismiss, or this court would rule without benefit of Plaintiff's views. Furthermore, Plaintiff had until that same date to provide more information so that defendants Tubemvoll, Lopez, and Perez may be properly served. He failed to do either. Thus those defendants are dismissed.

4

## ANALYSIS

### I. Exhaustion of Administrative Remedies

According to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 536 U.S. 516 (2002); *Massey v. Helman*, 259 F.3d 641 (7th Cir. 2001); *Johnson v. Litscher*, 260 F.3d 826 (7th Cir. 2001). Plaintiff alleges that he did exhaust available administrative remedies. He claims that he has written grievances and spoken to different sergeants about his complaints. Defendants contend that Plaintiff has not established compliance with the jail's established grievance procedure because he did not provide the dates on which he filed grievances and the dates on which he appealed unsatisfactory decisions.

The Court may dismiss a complaint for failure to exhaust administrative remedies if the failure to exhaust is so clear from the face of the complaint that its filing is "frivolous." *Walker v. Thompson*, 288 F.3d 1005, 1011-12 (7th Cir. 2002). Failure to exhaust is normally an affirmative defense that the defendant has the burden of pleading and proving. *See Massey*, 196 F.3d at 735 (internal citations omitted). At this stage of the proceedings, Plaintiff need only plead that he has complied with the jail's internal grievance procedure. *MCM Partners*, 62 F.3d at 972. Plaintiff has made such an allegation, and the Court must accept this allegation as true. Because at this stage of the litigation there is no evidence before the Court to clarify the exhaustion issue, the Court cannot conclude that Plaintiff has failed to exhaust his claims.

### II. Statute of Limitations

Defendants correctly argue that time limits applicable to § 1983 actions are governed by

5

state law, and that the applicable Illinois statute sets a two-year time limit for filing such a complaint. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Statute of limitations defenses, however, are frequently inappropriate for resolution on a motion to dismiss because their application often depends upon factual determinations. *Johnson Controls, Inc. v. Exide Corp.*, 129 F. Supp. 2d 1137, 1142 (N.D. Ill. 2001). If a plaintiff alleges facts that show that his action is time-barred, however, he may plead himself out of court. *Id.* All reasonable inferences must be drawn in plaintiffs' favor when a defendant seeks a dismissal because the claim is time-barred. *Cornfield by Lewis v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993). Although Plaintiff has not stated the dates on which any of the incidents in question occurred, the Court cannot conclude as a matter of law at this stage that his claims are time-barred.

## III. Psychological Oppression Claim

Defendants assert that Plaintiff's claim of "psychological oppression" does not state a cognizable constitutional violation, absent an allegation of some accompanying physical injury. *See* 42 U.S.C. § 1997e(e); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997). Plaintiff has not claimed that he has suffered any physical injury as a result of Defendants' threats or other actions. Plaintiff's complaint, however, is based on Defendants' retaliation against him for the exercise of his First Amendment rights. Such a claim does not require an allegation of physical injury. *See Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) (deprivation of the First Amendment right is itself a cognizable injury, regardless of any resulting mental or emotional injury) (internal citations omitted).

6

## IV. Retaliation Claim

It is well-established that "otherwise permissible conduct can become impermissible when done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). These fundamental rights include an inmate's First Amendment right to file grievances. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). In a retaliation claim, it is not a defendant's action alone that leads to a constitutional violation. Rather, it is the retaliatory motive behind the action. *See Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 2000) (retaliation claim may exist even if defendant's actions do not independently violate the Constitution) (internal citations omitted).

Thus, to the extent that Plaintiff claims that Defendants retaliated against him for filing grievances, his First Amendment rights are implicated. *Babcock*, 102 F. 3d at 275. *See also DeWalt*, 224 F.3d at 618. All that a plaintiff must specify in a retaliation complaint is the bare minimum of facts necessary to put a defendant on notice of the claim so that an answer may be filed. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002), *citing Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002). This generally requires that a plaintiff identify his own protected conduct with some specificity, as well as the act of retaliation by jail officials. *Id.* (internal citations omitted).

Plaintiff alleges generally that certain Defendants retaliated against him by threatening to file disciplinary reports against him, and by threatening to pay other detainees to beat up or even kill him. No further retaliatory action is alleged or described. A plaintiff's allegations of verbal abuse and threats, as well as threatening gestures and conduct by correctional officers and officials, without a retaliatory component, are insufficient grounds for relief under § 1983. *See*

7

*DeWalt,* 224 F. 3d at 612; *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987) (verbal threats or abuse do not rise to the level of constitutional violations cognizable under § 1983); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations of verbal threats and name calling do not amount to constitutional violations actionable under § 1983); *McFadden v. Lucas,* 713 F.2d 143, 147 (5th Cir.1983) (prisoner confronted with 22 officers armed with sticks and acting in threatening manner did not, absent physical abuse, state a constitutional violation); *Collins v. Cundy,* 603 F.2d 825 (10th Cir. 1979) (allegation that Sheriff threatened to hang prisoner does not state a claim under § 1983). On the other hand, if Defendants, engaged in otherwise permissible conduct in order to retaliate against Plaintiff for exercising his First Amendment rights, he could state a claim for relief. *See, e.g. Zimmerman,* 226 F.3d at 573.

Plaintiff alleges that Captain Milka – not a named Defendant – placed him in solitary confinement after he filed various grievances. Because he did not sue the Captain, this claim is not included in the case. Without specifically giving names, he further states that certain Defendants wrote false complaints about him in response to his grievances, but he never gives any further information related to this claim. The only related allegation Plaintiff makes is that Defendants tried unsuccessfully to have a social worker write up a "phoney" report on him.

Further, Plaintiff's complaint fails to identify any specific exercise of his constitutional rights that led to any punitive action by Defendants. Even under the liberal pleading standards afforded *pro se* plaintiffs, a plaintiff still must identify the protected conduct leading to defendants' retaliation. *See Walker,* 288 F.3d at 1011-12 (plaintiff must state at least the grievance or suit leading to the retaliation and the acts constituting retaliatory conduct); *Higgs,* 286 F.3d at 439 (plaintiff must specify both his own protected conduct and the acts claimed to

8

be taken in retaliation to allow defendants to properly respond to complaint). Because Plaintiff has made only vague references to grievances he has filed, without specifying which grievance was the basis for the retaliation, what the retaliation was, or even identifying which Defendant retaliated, he has failed to state a claim for relief on the retaliation claim. Plaintiffs remaining claim that Defendants threatened him, without more, fails.

## V.     Interference with Plaintiff's Mail

Plaintiff alleges that certain Defendants interfered with his attempts to send mail, and that ten stamped envelopes were taken from him. Detainees have First Amendment rights to send and receive mail. *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Mere allegations of temporary disruptions in sending out inmates' mail generally do not support a cause of action grounded upon the First Amendment. *See id.* Plaintiff has not pled that Defendants continuously and regularly interfered with his ability to send mail outside of the jail. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 306 (7th Cir. 1993). Additionally, interference with the transmission of Plaintiff's legal mail violates that right only if it is deliberate and impedes access to the courts. *See Kinkaid v. Wail*, 969 F. 2d 594, 602 (7th Cir. 1992); *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995). Plaintiff does not allege that any legal mail was involved. Plaintiff, therefore, has not alleged a deprivation of any constitutional right with respect to Defendants' alleged failure to send his mail.

Finally, Plaintiff alleges that Defendants took several stamped envelopes from him. Intentional deprivations of inmates' property do not violate the due process clause if adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has an adequate state law remedy – he may file a tort suit in the Illinois Court of

9

Claims. *Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993). Because of this available state law remedy, Plaintiff has failed to state a claim for property deprivation.

## VI. Denial of Medical Care

Plaintiff alleges that Defendants ignored his doctor's orders, which restrict him from using the stairs or lifting heavy objects. He also states that Defendants have said that they do not care if he is disabled. He does not claim that he has suffered any injury due to Defendants' actions.

In order to establish a claim of inadequate medical care, a plaintiff must show that he suffers from a serious medical condition, and that defendants were deliberately indifferent to the condition. *See Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard a risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). In the instant case, Plaintiff has not specifically stated what type of injury or condition he suffers from, only that he is disabled in some way. Furthermore, he has not alleged that he has been refused medical care when requested. He has not alleged that he suffers from a serious medical condition, nor that defendants were deliberately indifferent to his medical needs. Thus, Plaintiff has failed to state a claim for relief related to medical care.

## VII. Official and Individual Capacity

Defendants also argue that the Court should dismiss Baird, Ferris and Hernandez from the suit because Plaintiff has failed to alleged any facts demonstrating their liability in either

10

their individual or official capacities. The Court agrees.

In a § 1983 case, a supervisor cannot be held personally liable for a constitutional deprivation unless he or she caused or participated in the violation. *See Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002) (internal citations omitted). The supervisor must knowingly, willfully, or at least recklessly cause the violation by her actions or lack thereof. *Moore v. Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993) (internal citations omitted). Even viewing the complaint in the light most favorable to Plaintiff, he does not allege that Defendant Baird caused or participated in any of the alleged violations. Therefore, Baird, in her individual capacity, is dismissed from the complaint.

Regarding Sergeants Ferris and Hernandez, Plaintiff claims that he told them about various threats that Lopez and Perez made to him, and about problems with his mail. He alleges that they basically told him to forget about the complaints. Ferris and Hernandez can be liable as supervisors only if the alleged deprivations were constitutional violations and that they occurred at their direction or with their knowledge and consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), cited in *Zentmeyer v. Kendall County*, 220 F.3d 805, 812 (7th Cir. 2000). Plaintiff's allegations are insufficient to establish Ferris' or Hernandez' personal involvement in any constitutional violations. Thus, Plaintiff has failed to state a claim against these supervisory defendants.

In a § 1983 claim, in order to prevail on an official capacity suit against government officials, a plaintiff must show that an official custom or policy caused his injuries. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (*citing City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)). Plaintiff must point to either an express policy which caused the injury, or a

11

"widespread practice that is so well-settled as to amount to a policy," *Id.*, *citing Abbott v. Village of Winthrop Harbor*, 205 F.3d 976 (7th Cir. 2000). Plaintiff has not pled that any such policy or practice was in place at the jail. The Court therefore dismisses the complaint against these Defendants in their official capacities.

## VIII. Qualified Immunity

Defendants allege that they are entitled to qualified immunity because Plaintiff has failed to establish the violation of a constitutional right. The defense of qualified immunity only arises after a finding by the court that Plaintiff did allege a violation of a constitutional right. Because the Court finds that Plaintiff has failed to state a constitutional claim for relief, it is not necessary to address the qualified immunity claim.

## **CONCLUSION**

Plaintiff has not stated any constitutional claims for which he is entitled to relief. For this reason, Defendants' motion to dismiss is granted, and the complaint is dismissed without prejudice. (R. 14-1.)

Dated: October 12, 2004

ENTERED

*[signature]*
AMY J. ST. EVE
United States District Court Judge